

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32299-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA M. SWEARINGEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jessica Swearingen challenges the result of a stipulated facts hearing and resulting judgment and sentence, raising evidentiary sufficiency and sentencing issues. We affirm.

## FACTS

A state trooper pulled Ms. Swearingen over for traffic violations and noted plastic baggies protruding from a pouch on the floor of her car. A subsequent search following her arrest uncovered a substantial amount of marijuana, methamphetamine, and other controlled substances. She ultimately was charged with possession of cocaine, possession of methamphetamine, possession of marijuana in excess of 40 grams, possession of a controlled substance by an inmate, obstructing a law enforcement officer, and bail jumping.

After a failed suppression hearing, Ms. Swearingen waived her right to a jury trial and proceeded to a stipulated facts bench trial. The cocaine possession and possession by an inmate charges were dismissed by the prosecutor. The court, after considering the stipulation and attached police reports, found Ms. Swearingen guilty of the four remaining charges. She faced a sentence range of 6-18 months under the drug sentencing grid. The parties were jointly recommending 366 days in custody.

Defense counsel indicated that the defense was prepared for sentencing, but told the court that Ms. Swearingen wanted the matter rescheduled in order to have time to get her affairs in order. She then personally indicated that she did not want sentencing set over, but she wanted more time to get her affairs in order before reporting to jail. The court asked if there was anything else. The prosecutor asked that the court proceed to sentencing. Ms. Swearingen attempted to say something, but counsel assured her, "It's okay." Report of Proceedings at 241. The court indicated that it would accept the agreement of the parties. The transcript indicates that Ms. Swearingen asked her counsel, "Can I talk?" and was told no.

The court then imposed the 366 day sentence jointly recommended by the parties. The court imposed various legal financial obligations and expressly found that the defendant had the future ability to pay. The court also imposed a 12 month term of community custody that included a condition she have no contact with "known felons." The defense did not object to the finding or to the community custody condition.

2

She then timely appealed from the sentence.

## ANALYSIS

Ms. Swearingen argues that the evidence does not support the marijuana conviction, that she was denied her right of allocution, and that the sentencing finding and noted community custody condition are improper. We address each contention in turn.[1]

### Sufficiency of the Evidence

Ms. Swearingen argues that the evidence does not support the determination that she possessed more than 40 grams of marijuana because the *findings* do not mention an amount. Her argument confuses the sufficiency of the evidence with the adequacy of the findings.

Long settled standards govern review of evidentiary sufficiency challenges. Such challenges are reviewed to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.*

---

[1] Ms. Swearingen filed a Statement of Additional Grounds taking issue with the traffic stop and subsequent search of the car. However, her Statement provides no reasoned argument describing any alleged errors in the issuance of the search warrant or its execution. It is insufficient for this court's review. RAP 10.10(c).

Applying that standard to the *evidence* presented in this case, there easily was sufficient evidence to support the determination that Ms. Swearingen possessed more than 40 grams of marijuana. The police reports were appended to the stipulated facts and stated to be one of the bases for the decision. Clerk's Papers (CP) at 10. One page of the evidence report lists the various marijuana containers and tallies the total marijuana as 163.1 grams. CP at 24. That evidence alone was sufficient to support the determination that Ms. Swearingen possessed more than 40 grams of marijuana.

Perhaps realizing that the evidence supported the conviction, Ms. Swearingen argues that none of the stipulated *findings* expressly stated the amount of the marijuana. However, the adequacy of the findings is not a sufficiency of the evidence question. There was ample evidence—i.e, sufficient evidence—that the defendant possessed more than 40 grams of marijuana. Her express challenge in this appeal fails.

If she was presenting an actual challenge to the adequacy of the findings, we also would reject the contention. Ms. Swearingen and her counsel expressly stipulated to the findings and conclusions. Conclusion of Law 1 states that Ms. Swearingen possessed more than 40 grams of marijuana. CP at 10. She thus could not show any prejudicial error from the adequacy of the findings since she stipulated to the relevant conclusion of law.

The evidence was sufficient to support the conviction for possession of more than 40 grams of marijuana. To the extent she is challenging the adequacy of the findings, she

4

cannot show prejudicial error given her stipulation to the conclusion of law that she possessed more than 40 grams of marijuana.

*Allocution*

Ms. Swearingen argues that either the trial court denied her right of allocution or her counsel provided ineffective assistance by preventing her from allocuting. There is no factual basis for believing she was denied the right to allocute.

The record does not reflect that Ms. Swearingen wanted to address the court before sentence was imposed. The court heard her address whether to conduct a sentencing hearing at that time. When the prosecutor agreed that the matter should proceed to sentencing, she appeared to want to say more at about the same time the court indicated it was accepting the agreement of the parties for 366 days incarceration. In context, her desire to speak simply does not appear to be directed at the question of the sentence to be imposed. The parties had already recommended, in writing, that the court impose 366 days so that she could face an earlier release under department of corrections policy.

It would be pure speculation to say that Ms. Swearingen wanted to exercise her right of allocution. Accordingly, any claim that counsel performed ineffectively is without factual basis.[2] If she is to present such a claim, she will have to proceed by way

---

[2] There also would be no basis for finding prejudice from any alleged failure of counsel since the court followed the sentence recommendation made by the defense.

5

No. 32299-8-III
*State v. Swearingen*

of a personal restraint petition in which she can make a record of her intentions. *See, e.g.*,

*State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

The claim that the trial court denied the right of allocution fails because the error

was not preserved. Allocution is a statutory, not constitutional, right. Accordingly, the

issue must be presented to the trial court in order to preserve a claim of error for appeal.

RAP 2.5(a); *State v. Canfield*, 154 Wn.2d 698, 707, 116 P.3d 391 (2005). Even the

limited constitutional due process right of allocution recognized in sentence revocation

proceedings must be asserted in order to be preserved. *Canfield*, 154 Wn.2d at 707. Ms.

Swearingen did not assert a right to allocute at trial, nor did she object to any failure of

the court to inquire about her interest in allocuting. Thus, the claim that the trial court

denied Ms. Swearingen her right of allocution is not preserved for this appeal.

Both of her bases for claiming a right of allocution cannot be considered in this

action. They are not supported by the record and one of them was not preserved for

appellate review.

*Legal Financial Obligation Finding*

Ms. Swearingen also argues that the court erroneously found that she had the

future ability to pay her financial obligations. This argument, also, was not preserved for

our review.

Ms. Swearingen did not object to the finding. All three divisions of this court

unanimously agree that these types of challenges cannot be presented for the first time on

6

appeal. *State v. Duncan*, 180 Wn. App. 245, 327 P.3d 699 (2014); *State v. Calvin*,

176 Wn. App. 1, 316 P.3d 496, *petition for review filed*, No. 89518-0 (Wash. Nov. 12, 2013);

*State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010,

311 P.3d 27 (2013). As noted in *Duncan*, there seldom is a reason for a defendant to desire

to convince a judge that she will never be able to afford to pay her obligations. 180 Wn. App.

at 250-51.

In accordance with the noted authorities, we decline to entertain Ms. Swearingen's

belated argument in this appeal.

*"Known Felons" Restriction*

The final issue presented is a contention that the community custody restriction on

Ms. Swearingen associating with "known felons" is unconstitutionally vague. We disagree

and affirm the condition.

Once again, Ms. Swearingen did not challenge this condition at sentencing. In this

instance, however, that fact is not a bar to our consideration of her claim. *State v. Bahl*,

164 Wn.2d 739, 745, 193 P.3d 678 (2008) (vagueness challenge to condition that

defendant not possess "pornographic materials" permitted initially on appeal). When a

vagueness challenge presents solely a question of law and there is no need to develop the

facts, it can properly be considered initially on appeal. *Id.* at 746-52. That is the

situation here.

The restriction that Ms. Swearingen not associate with "known felons" is not vague. This court dealt with an analogous restriction in *State v. Llamas-Villa*, 67 Wn. App. 448, 836 P.2d 239 (1992). There the defendant was restricted from associating with persons who used, possessed, or distributed controlled substances. *Id.* at 454. He argued that the provision was vague because it did *not* limit his liability only to situations involving people he *knew* were engaging in the prohibited activities. *Id.* at 455. This court disagreed, stating that if the defendant "is arrested for violating the condition, he will have an opportunity to assert that he was not aware that the individuals with whom he had associated were using, possessing, or dealing drugs." *Id.* at 455-56. We concluded that the condition was not vague. *Id.* at 456.

The condition at issue here is even less subject to challenge than that in *Llamas-Villa*. First, the condition contains the restriction, argued for by the defendant in *Llamas-Villa*, that it applies only to persons known to the defendant to be felons. Second, as in *Llamas-Villa*, the wording of the condition permits Ms. Swearingen to present evidence that she did not know an associate was a felon should she be accused of violating the condition. Similarly, the condition appears to put the burden on the Department of Corrections to prove her knowledge of her associates' felon status. Since she is the one who may not contact "known felons," the knowledge element in question is her knowledge, not that of some unknown community corrections officer. Properly considered, the condition is not vague.

8

No. 32299-8-III
*State v. Swearingen*

The court properly imposed the condition that Ms. Swearingen not associate with "known felons."

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, C.J.

Brown, J.

9